[Cite as *In re A.R.*, 2014-Ohio-5406.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 14 JE 19 |
| | ) | |
| A.R. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas, Juvenile Division, of Jefferson County, Ohio Case No. 2011 DN 00033 |
| JUDGMENT: | Affirmed. |
| APPEARANCES: | |
| For Appellant Paige Frazier : | Atty. Jerry L. Boswell 139 North Third Street Steubenville, Ohio 43952 |
| For Appellee JCDJFS: | Atty. Amanda J. Abrams 125 S. 5th Street Steubenville, Ohio 43952 |
| JUDGES: | |

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 5, 2014

WAITE, J.

{¶1} Appellant Paige Frazier, the natural mother of minor child A.R., appeals the judgment of the Jefferson County Court of Common Pleas, Juvenile Division, granting permanent custody of the child to the Jefferson County Department of Job and Family Services (JCDJFS), and permanently terminating her parental rights. Appellant argues that the child was originally taken from her home due to drug abuse by herself and her boyfriend, and because of the boyfriend's mental health problems. Appellant asserts that she and her boyfriend attended a drug treatment program and that their drug abuse and mental health issues were controlled at the time of the final hearing. Appellant contends that the court's decision is against the weight of the evidence.

{¶2} The record reflects that there were many factors involved in the original adjudication that the child was a neglected and dependent child, including Appellant's extensive and daily drug use around the child, her failure to pass drug tests, her failure to attend drug and alcohol treatment programs, the lack of adequate housing because Appellant was homeless, physical abuse of the child, and the fact that Appellant's boyfriend attempted to commit suicide while the child was present. The case plan for reuniting Appellant with the child included much more than just proof that Appellant was free from drugs. The record shows a general failure to abide by the therapy and counseling portions of her case plan. Appellant's evidence of treatment was incomplete and contradictory, her medical documents were not properly certified, and the alternate treatment she chose was not part of her case plan. The record supports the trial court's judgment that Appellant failed multiple

aspects of the case plan. Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Case History

{¶3} A.R. (age 3) was removed from Appellant's place of residence by the police on August 9, 2011, and was placed in the custody of JCDJFS. Part of the reason for the child's removal was Appellant's drug abuse and that of her live-in boyfriend, Edward Swearinger. The most immediate reason for the removal was that Swearinger had attempted suicide by cutting his wrists three times in the house while the child was present. At the time, Appellant, Swearinger and A.R. lived with two other drug users. Appellant had another open custody case with JCDJFS at the time and had completely failed her drug treatment requirements in that case.

{¶4} JCDJFS filed a complaint on August 10, 2011, alleging A.R. was a neglected and dependent child, and requested temporary custody and protective supervision of the child. A guardian ad litem was appointed for the child. At a hearing on August 31, 2011, Appellant, the child's natural father and the guardian ad litem entered into an agreement with JCDJFS that the child was a neglected and dependent child. The agreed entry was filed on September 13, 2011. The judgment entry noted that reasonable efforts had been made by the agency to prevent placement of the child, including case management and related services, drug and alcohol treatment, domestic violence and mental health treatment for Appellant and Swearinger, assistance with housing, and parent aide services. The case plan required Appellant and Swearinger to successfully complete drug treatment and

abide by all recommendations of their counselor. It also required them to work with a parent aide and ordered Appellant to find stable and secure housing.

{¶5} On January 5, 2012, Henry C. Frazier, the maternal grandfather of the child, filed a petition for reallocation of parental rights, requesting custody of the child. On May 4, 2012, the petition was denied, after a hearing, due to a failed home study. On July 19, 2012, the maternal great-grandmother, Betty Dorff, filed a petition for reallocation of parental rights, requesting custody of the child. That petition was also denied, after a hearing, on January 2, 2013, due to Dorff's prior history of the mistreatment of children.

{¶6} On August 14, 2012, JCDJFS filed a motion for extension of temporary custody. The motion was granted on September 12, 2012. A second motion for temporary custody was filed on February 15, 2013, and was granted on March 6, 2013.

{¶7} On May 14, 2013, JCDJFS filed a motion for permanent custody. Natural father recommended that permanent custody be transferred to JCDJFS, and he has had nothing more to do with this case following this recommendation. A hearing on the motion was held before a magistrate on August 21, 2013. The guardian ad litem report was filed, recommending permanent custody to the agency. Six witnesses testified, including Edward Swearinger. Appellant refused to testify. After the hearing concluded, counsel for Appellant requested leave to obtain and file records from South Hills Recovery Project regarding alleged Suboxone drug treatment records. The magistrate granted the request, and the hearing was

continued to October 11, 2013. At the continued hearing, it was determined that South Hills Recovery Project had not sent any records to JCDJFS, and that records independently obtained by Appellant, Swearinger and their counsel were not certified copies. The records that were obtained conflicted with each other and were incomplete. Appellant's counsel admitted at the hearing that none of the records were certified. (10/11/13 Tr., pp. 4-6.)

**{¶8}** Appellant's therapist, Denise Smith, testified that Appellant and Swearinger had not completed drug and alcohol treatment with her. Smith was the coordinator of drug and alcohol services at Jefferson Behavioral Health Systems (JBHS), as well as Appellant's therapist and a licensed social worker. She testified that she never received any documentation of treatment from South Hills Recovery Project and had no contact with that facility. She also testified that Suboxone treatment was not part of Appellant's case plan and would not constitute satisfactory completion of the required drug and alcohol treatment. As far as Smith was aware, Appellant's only reason for going to South Hills Recovery Project was to get a prescription for Suboxone, and not to receive any other type of treatment. The goal of Appellant's treatment program with Smith, though, was more than the immediate termination of Appellant's current drug abuse. (10/11/13 Tr., p. 22.) It was also to prevent future drug abuse and to help Appellant maintain a stable home environment to prepare her and A.R. for family reunification. (10/11/13 Tr., p. 22.) Smith did note that Appellant had 24 clean drug screens with JBHS, the most recent being on July 8, 2013.

{¶9}   Jennifer Yasho, Appellant's caseworker at JCDJFS, testified that she had received unverified, incomplete and contradictory records about alleged treatment from South Hills Recovery Project.  Documents showed two different start dates of treatment for Appellant.  (10/11/13 Tr., p. 29.)  There were no treatment progress notes on some of the documents, only dates of treatment, so it was impossible to determine what treatment was actually provided.  She received the uncertified records from Appellant's attorney and not directly from South Hills Recovery Project, so she did not know how they were obtained or if they were authentic.  Certain letters purporting to be from a Dr. Clark at South Hills Recovery Project were undated and did not mention that Appellant was pregnant, which would have been a factor in any drug abuse treatment.  Other letters purporting to be from the same doctor stated that neither Appellant nor Swearinger had completed treatment.  (10/11/13 Tr., pp. 35-37.)  The letters recommended that treatment include such actions as developing a strong support network, going to 12-step meetings, and participating in drug and alcohol therapy, but there was no indication that any of these recommendations had been followed.  Yasho was concerned that none of the documents had been obtained directly from South Hills Recovery Project, even though she had requested them from that facility.  They had come either from Appellant, Swearinger, or their attorney.  Some of the documents purporting to be from Dr. Clark were not signed by him.  Yasho also received supposed copies of prescriptions, some of which were also unsigned.  One of them was for Swearinger for Ritalin, but that drug did not appear in any of his drug screens.

**{¶10}** Yasho testified that the case plan recommended that Appellant and Swearinger receive treatment at JBHS, not South Hills Recovery Project, and that they were not compliant with the case plan because they did not seek or receive any treatment at JBHS. Appellant and Swearinger had stopped going to JBHS altogether since the prior hearing. Swearinger was required to get mental health treatment as part of the case plan and was not receiving that either. Yasho was also concerned that Appellant's home situation was not stable because neither Appellant nor Swearinger had any source of income and were relying on family and friends to pay their bills.

**{¶11}** The magistrate filed his decision on January 7, 2014. He concluded that Appellant failed to comply with the case plan, had failed to comply with drug and alcohol counseling on a consistent basis, that the records from South Hills Recovery Project were not certified and primarily consisted of drug tests and prescriptions, that Appellant had obtained housing but had no source of income, and that Appellant was now complying with the parent aide and with visitation but had not complied for the prior time period. Most of the documents from South Hills Recovery Project were not admitted into evidence. The magistrate noted that the father recommended placement with JCDJFS and sought no further involvement in the case. The child had been successfully integrated into the home of the foster parents, who were interested in adoption. The magistrate concluded that Appellant had failed continuously and repeatedly to remedy the conditions that caused the child to be removed from her home. The magistrate recommended permanent placement with

JCDJFS in the best interests of the child, and the complete termination of Appellant's parental rights.

**{¶12}** The court adopted the magistrate's decision on January 29, 2014, but it was discovered that the magistrate's decision was not properly delivered to Appellant. The court then set aside the order and allowed Appellant 14 additional days to respond. On February 3, 2014, Appellant filed objections to the magistrate's decision. The one-page document states that the child was removed due to drug and alcohol abuse by her, the father, and her boyfriend but that these problems had been resolved and that the child was also removed due to mental health problems of Swearinger, and that this issue had also been resolved. She did not state with any specificity the sections of the magistrate's decision to which she objected. A transcript was ordered, but Appellant filed no other documents related to or supporting her objections. On April 25, 2014, the court overruled the objections and adopted the magistrate's decision, granting permanent custody of A.R. to JCDJFS. This appeal followed on May 8, 2014.

<u>ASSIGNMENTS OF ERROR NOS. ONE AND TWO</u>

THE RECORD DOES NOT SUPPORT A FINDING THAT O.R.C. 2151.414(E)(1) OR ANY OTHER OF THE FACTORS UNDER O.R.C. 2151.414(E) WERE SATISFIED BY CLEAR AND CONVINCING EVIDENCE AS IS REQUIRED BY 0. R. C. 2151.414(D)(2)(a).

THE DECISION TO TERMINATE THE MOTHER'S PARENTAL RIGHTS DEPRIVED HER OF A FUNDAMENTAL AND

CONSTITUTIONALLY PROTECTED RIGHT WITHOUT DUE PROCESS, AND WAS NOT SUPPORTED BY THE RECORD.

**{¶13}** A court's decision terminating parental rights and responsibilities is reviewed for an abuse of discretion. *In re Sims*, 7th Dist. No. 02-JE-2, 2002-Ohio-3458, ¶36. A reviewing court will not overturn a permanent custody order unless the trial court has acted in a manner that is arbitrary, unreasonable or capricious. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** JCDJFS filed a motion for permanent custody under R.C. 2151.413. When a motion for permanent custody is filed by a children's services agency, the trial court's decision whether to grant permanent custody is governed by R.C. 2151.414. R.C. 2151.414(D)(2) allows the trial court to grant permanent custody to a children's services agency on the following conditions:

(D)(2) If all of the following apply, permanent custody is in the best interest of the child, and the court shall commit the child to the permanent custody of a public children services agency or private child placing agency:

(a) *The court determines by clear and convincing evidence that one or more of the factors in division (E) of this section exist* and the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.

(b) The child has been in an agency's custody for two years or longer, and no longer qualifies for temporary custody pursuant to division (D) of section 2151.415 of the Revised Code.

(c) The child does not meet the requirements for a planned permanent living arrangement pursuant to division (A)(5) of section 2151.353 of the Revised Code.

(d) Prior to the dispositional hearing, no relative or other interested person has filed, or has been identified in, a motion for legal custody of the child. (Emphasis added.)

**{¶15}** The parties agree that the court needed to make one of the findings listed under R.C. 2151.414(E) prior to terminating Appellant's parental rights. Appellant claims that the trial court relied on R.C. 2151.414(E)(1) to terminate her parental rights, and that the record does not support the court's finding under that statute. R.C. 2151.414(E)(1) states:

Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the

court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

**{¶16}** Appellant contends that she did complete her case plan and that she substantially remedied the problems that caused her child to be taken into custody by JCDJFS, specifically referring to drug abuse and mental health issues. The record reflects, however, that Appellant did not complete her case plan. Jennifer Yasho, Appellant's caseworker at JCDJFS, made it clear that the case plan included many items in addition to clean drug screens. The case plan required therapy and counseling, including drug, alcohol, and family counseling, in order to insure that there would be no future drug abuse and so that the child would have a stable living environment. Appellant and Swearinger decided, on their own, that they were not going to participate in all the required therapy and counseling sessions at JBHS. Instead, they desired to be treated at South Hills Recovery Project. Whether or not treatment at South Hills Recovery Project could have sufficed to satisfy the terms of the case plan is irrelevant because there were almost no proper records from that facility produced or admitted at trial. Appellant's counsel admitted at trial, and admits on appeal, that the records were not certified. For this and other reasons, the records were inadmissible at trial. Even if the documents had been admitted, they were inconsistent, incomplete, and contradictory. They did not accurately indicate

when Appellant started therapy, what the therapy consisted of, or the extent of her progress. There is evidence that Appellant had been using Suboxone and Subutex, opioid drugs used to replace the illegal drugs Appellant had been taking, but it is not clear that she had a legal prescription for these drugs. This type of replacement drug therapy was not part of Appellant's case plan and had not been approved by her case worker or therapist.

{¶17} Appellant is correct that she had taken a number of drug tests and that they came back negative. Any drug tests taken at South Hills Recovery Project, though, would have been of doubtful value, since the tests were not randomly ordered but were on a set schedule. Thus, Appellant could plan her drug use around the testing days. The record indicates, though, that even if Appellant had periods where she was free from illegal drugs, there were other factors of the case plan that Appellant and Swearinger repeatedly failed and these other factors led to the court's ultimate decision. Appellant and Swearinger often would not attend parent aide services meetings, skipping 22 of the 53 meetings, and they regularly showed up late when they attended. They missed approximately 25 visits with the child and there were periods of at least a month at a time when they failed to visit the child. Swearinger complained that the parenting classes were a joke. There was no evidence that Swearinger had successfully been treated for his mental health problems. There was no evidence that Appellant could maintain a stable home because neither she nor Swearinger had any source of income. Appellant's failure to complete drug treatment is well-documented throughout the record. She was

enrolled in JBHS Addiction and Recovery Services, but her case was closed on December 18, 2012, due to non-compliance. She missed many group therapy sessions prior to her discharge for non-compliance. By the time of the final custody hearing, both parties had stopped attending any treatment at JBHS.

**{¶18}** Appellant cannot establish an abuse of discretion by simply citing one aspect of the case plan while ignoring the many requirements of the plan that she failed or disregarded. Appellant has not established any error on the part of the trial court. Her two assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.